File No. 07261-0014
**Law Offices**
**PARKER McCAY P.A.**
**By: Brett E.J. Gorman, Esquire**
**9000 Midlantic Drive, Suite 300**
**P.O. Box 5054**
**Mount Laurel, New Jersey 08054**
**(856) 596-8900**
**bgorman@parkermccay.com**
**Attorneys for Defendants, Pennsauken School District and Marty DeLape**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| T.V.<br><br>Plaintiffs,<br><br>v.<br><br>PENNSAUKEN SCHOOL DISTRICT, et al<br><br>Defendants. | HONORABLE JOEL SCHNEIDER<br><br>Docket No: 1:12-cv-07646-JS<br><br>CIVIL ACTION |

**STATEMENT OF FACTS**
**PURSUANT TO L. CIV. R. 56.1**

LAW OFFICE
**Parker McCay P.A.**

1

1. T.V. took part in an Individualized Education Program (hereinafter "IEP") meeting to discuss D.V.'s educational program on August 18, 2011. See Doc. No. 193-3 (B.V. Dep. 16:11 and 28:22).

2. T.V. discussed D.V.'s hygiene issues and mentioned D.V.'s man parts, and that T.V. got into the shower on three different occasions. (B.V. Dep. 16:12-21:6).

3. The audiotape of the August 18, 2011 meeting confirms that T.V. stated he had "gotten into the shower three times now [with D.V.] and have showed him how to wash." Doc. No. 193-4 (Dep. of T.V. 186:10-24.)

4. T.V. admitted during that meeting that he told the Child Study Team that on three occasions he got into the shower with D.V. (T.V. Dep. 315:12-17).

5. B.V. similarly admitted that T.V. told the Child Study Team that on three occasions he got into the shower with D.V. to show him how to wash. (B.V. Dep. 20:2-9).

6. T.V. was the only person who said that he got into the shower with D.V. Doc. No. 193-6 (Lavell Dep. 34:4-8).

7. At the IEP meeting there was also a discussion about landscapers and D.V. (B.V. Dep. 26:22-24; 27:1-4).

8. B.V. testified that "there was a truck that pulled up, there [were] some landscapers in there, they wanted D.V. to go up and knock on the . . . door to see if she wanted her grass cut and all this stuff[.]" (B.V. Dep. 27 6:12).

9. B.V. was concerned when this happened. (B.V. Dep. 33:22-24).

10. T.V. thought D.V. might "be on the news as one of these kids that maybe were picked up and raped or killed and left laying on the side of the road." (T.V. Dep. 35:10-15).

11. Taylor was concerned that D.V. was disabled and was not being properly supervised. Doc. No. 193-5. (Taylor Dep. 85:1-9).

12. On August 19, 2011, Lavell and Taylor called DYFS to report what T.V. said at the meeting. (Taylor Dep. 88:1-89:25; 91:2-15); (Lavell Dep. 61:4:61:20)

13. Lavell informed DYFS about the statement T.V. made at the IEP meeting about getting into the shower with D.V. (Lavell Dep. 44:17-22).

14. Additionally, Lavell and Taylor reported their concern regarding the incident with the landscapers and the lack of supervision to the DYFS workers. (Lavell Dep. 44:17-22; Taylor Dep. 92: 18-25).

15. Lavell and Taylor stated that Marty DeLape did not order them to call DYFS. (Taylor Dep. 88:1-89:25) (Lavell Dep. 61:4:61:20)

16. Both Lavell and Taylor testified that Ms. DeLape was not present during any telephone call to DYFS regarding any Plaintiff. (Taylor Dep. 70:23-71:5) (Lavell Dep. 43:8-43:13).

17. A DYFS intake worker, and no Defendant, made the decision to classify the referral as a child welfare concern. Exhibit "C" of Do. No. 193 (filed under seal) (Deposition of Jared Owens 22:2-8).

18. DYFS workers were sent out to the home of B.V. and E.V. to investigate. (Owens Dep. 22:2-8).

19. One of the DYFS workers sent out was Jared Owens. (Owens Dep. 22:2-8).

20. However, Owens was not part of the initial call to DYFS.

21. Indeed, Owens never spoke to the DYFS intake worker who made the decision to classify the referral as a child welfare concern. (Owens Dep. 35:1; 22:2-8).

22. None of the information in the DYFS referral records were obtained by Jared Owens. (Owens Dep. 44:7-12).

23. Jared Owens did not contact anyone from Pennsauken Intermediate School until "the 23rd at 11:40." (Owens Dep., 17:9-25; 41:22-25; 42:1-5).

24. Owens did not speak to Marty DeLape. (Owens Dep. 31:1-31:10)

4

25. In fact, Owens did not mention Marty DeLape by name during his deposition. (Owens Dep. 31:1-31:10).

26. Owens was not "even aware there was a recording" of the IEP meeting. (Owens Dep. 67:18-19).

          **PARKER McCAY P.A.**
          Attorneys for Defendant,
          Pennsauken School District and Marty DeLape

          By: ___**/s/ Brett E.J. Gorman**____
               BRETT E.J. GORMAN

Dated: June 30, 2017

LAW OFFICE
**Parker McCay P.A.**